# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**TAYLOR P. JOSKI,**

    Plaintiff,

  v.                          Case No. 17-CV-1074

**MARK ZERATSKY,**

    Defendant.

## ORDER

On June 17, 2019, the defendant filed a motion for summary judgment. A couple of weeks later, plaintiff Taylor Joski filed a motion to appoint counsel and a motion for *in camera* review of video evidence. (ECF No. 60.) This is the fifth motion to appoint counsel that Joski has filed. The court will deny both motions.

As the court has explained to Joski, when determining whether to recruit a lawyer for a *pro se* plaintiff in a civil case, the court decides whether the difficulty of the case exceeds a particular plaintiff's capacity to handle the case on his own. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013). The question is whether a plaintiff understands the factual and legal issues in his case and can effectively communicate his thoughts and arguments to the court.

As a way of demonstrating that he can no longer handle this case on his own, Joski highlights several allegedly deficient responses from the defendant to his discovery requests. Joski states that he "has been largely unsuccessful gathering

relevant and material evidence from the defendant in this case." (ECF No. 60 at 4.) Joski's complaints about the defendant's discovery responses are untimely. Discovery closed nearly two months ago. If Joski had issues with the defendant's responses, he should have raised them before the defendant filed his motion for summary judgment. Joski offers no reason justifying his delay in raising these issues. Further, it does not appear that Joski tried to informally resolve his concerns with the defendant before he asked the court to get involved, which is required by Civil L.R. 37.

Joski also asserts that the defendant "has repeatedly misrepresented a material fact." (ECF No. 30 at 4.) Joski explains that "[t]he defendant falsely asserts that Mr. Joski opened the door to the assailant's housing block door, in effect triggering the assault." (*Id.*) Joski states that the video "will plainly show that Mr. Joski did not open said door to Holding Block B." (*Id.*) He asks the court to review the video *in camera* (which is a legal term that means the judge reviews sensitive material in chambers, outside the public's view). Because the defendant filed the video as evidence in support of his motion, the video is available to the public, so the court need not review it *in camera*.

It appears that Joski misunderstands the procedure for summary judgment. His disagreement with the defendant's characterization of the facts does not support his need for a lawyer. In fact, his ability to clearly articulate his disagreement and support his disagreement with evidence demonstrates that he has the capacity to represent himself through the briefing of summary judgment.

Joski must respond to each of the defendant's proposed findings of fact by agreeing with each proposed fact or explaining why he disagrees with a particular fact. If he does not indicate one way or the other, the court will assume that he agrees with the proposed fact. Joski must support every disagreement with evidence. He can do that by relying on documents. If a document (or video) is already part of the record, he may cite to the document (or video), identifying where it is on the docket; if a document is not part of the record, he may attach the document to his response materials. Joski may also tell the court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. § 1746.[1] An unsworn declaration is a way for a party to tell his side of the story while declaring to the court that everything in the declaration is true and correct. Joski must also respond to the legal arguments in the defendants' brief.

The court finds that Joski is capable of responding to the defendant's summary judgment motion, so it will not recruit a lawyer to represent him at this time. The court will extend Joski's deadline to respond to the defendant's motion to **July 31, 2019**. If he thinks he needs additional time, he may file a motion to further extend the deadline. He must explain how much additional time he needs and why he believes he needs the extension.

---

[1] At the bottom of his declaration he should state: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." 28 U.S.C. § 1746(2).

**THEREFORE, IT IS ORDERED** that Joski's motion to appoint counsel (ECF No. 60) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Joski's motion for an *in camera* review of video evidence (ECF No. 60) is **DENIED.**

**IT IS FURTHER ORDERED** that Joski's deadline to file his materials in response to the defendant's motion for summary judgment is **EXTENDED** to **July 31, 2019.**

Dated in Milwaukee, Wisconsin this 8th day of July, 2019.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge